IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RASHAN EDWARDS, </br></br> Plaintiff </br></br> vs. </br></br> MAJOR ENNIS, MAJOR/CAPTAIN SISSEM, SUPT. L. OLIVER, CAPT. LT. FLOYD, C.O.1 ROBSON, C.O.1 RODRIGUEZ, </br></br> Defendants | 1:23-CV-00298-RAL </br></br> RICHARD A. LANZILLO </br> Chief United States Magistrate Judge </br></br> MEMORANDUM OPINION ON DEFENDANTS' MOTION TO DISMISS </br></br> RE: ECF NO. 15 |

Plaintiff Rashan Edwards ("Edwards") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution at Albion ("SCI-Albion"). His pro se complaint asserts First Amendment retaliation claims under 42 U.S.C. § 1983 against six DOC employees at SCI-Albion: Major Ennis, Major Sissem (also referred to as "Captain Sissem"), Superintendent Oliver, Lt. Floyd, C.O. Robson, and C.O. Rodriguez. (collectively, "Defendants"). ECF No. 5. The Defendants have filed a motion to dismiss Edwards' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a supporting brief. ECF Nos, 15, 16. Edwards has filed a response in opposition to the motion. *See* ECF Nos. 26, 27. For the reasons stated below, the Court will grant the Defendants' motion.[1]

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636.

1

I.      Factual Background

For purposes of the Defendants' motion to dismiss, the Court accepts as true the following factual allegations of Edwards' Complaint to the extent they are not legal conclusions disguised as factual allegations.

On March 24, 2022, Edwards was transferred from SCI-Phoenix to SCI-Albion. Upon arrival at SCI-Albion, he began experiencing a "waive of retaliatory acts by different staff members" based on a lawsuit he had filed against Defendant Ennis in 2015, when he was an inmate at SCI-Forest and Ennis was employed at that prison. ECF No. 5, pp. 4, 13. On May 2, 2022, unspecified prison personnel searched Edwards' cell at SCI-Albion and, while they were in the process of moving his possessions to the restrictive housing unit, they damaged some of his personal property. *Id.*, p. 13, ¶ 13. Edwards alleges that, on May 17, 2023, Defendant Rodriguez issued a "bogus" misconduct charge against him that was "later thrown out by the hearing examiner." *Id.*, ¶¶ 7, 17. He does not clearly state the nature of the charge or whether or how it relates to the May 2 cell search or his 2015 lawsuit against Ellis. *Id.* On May 19, 2022, Defendant Robson issued a false misconduct charge against Edwards for damaging his own property. *Id.*, p. 13, ¶ 13. Edwards does not allege the disposition of this misconduct charge, including whether it resulted in any sanction or other consequences. *Id.*

On September 16, 2022, unspecified prison personnel denied Edwards Jumu'ah/Friday religious services. *Id.*, ¶ 14. On an unspecified date, "Defendant Rodriquez hit [Edwards'] leg, which surgery had been performed on, stating: 'that's for Ennis and Floyd.'" *Id.*, ¶ 15. Finally, Edwards also alleges that Defendant Sissem and Defendant Oliver retaliated against him by removing Edwards' wife from his phone and visitors list. *Id.*, ¶¶ 9-10.

II.     Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations of the complaint and views them in a light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

While a complaint does not require detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts alleged in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Finally, because Edwards is proceeding pro se, his complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a litigant's pro se pleading to state a valid claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). *See also Shepard v. Overmeyer*, 2024 WL 4680410, at *3 (W.D. Pa. Nov. 5, 2024). With these standards in mind, the Court now turns to the merits of the DOC Defendants' motion.

III.   Discussion and Analysis

In support of their motion to dismiss, Defendants argue: (1) Eleventh Amendment immunity bars all claims against them in their official capacities; (2) the claims against Defendants Oliver, Floyd, and Ennis fail because the Complaint does not support their personal involvement in actionable conduct; (3) Edwards' Complaint fails to allege facts to support his First Amendment retaliation claims against Robson, Rodriguez, or Sissem; and (4) Edwards' Complaint does not allege any basis for a claim under the Fourteenth Amendment. *See* ECF No. 16. Each argument is addressed below.

> A. Edwards cannot recover damages against the individual Defendants in their official capacities, and he has not alleged facts to support a claim for prospective injunctive and declaratory relief against them in their official capacities.

Edwards appears to assert his claims against the Defendants solely in their individual capacities, although certain of the declaratory and injunctive relief he seeks may be viewed as raising official capacity claims. *See* ECF No. 5, ¶¶ 5-9. Edwards seeks declaratory relief against

Defendants Ennis, Sissem, Floyd, Robson, and Oliver, injunctive relief against Defendant Ennis, compensatory damages against all Defendants, and punitive damages against Defendants Ennis, Sissem, Floyd, Robson, and Oliver. Defendants argue that Edwards' claims against them in their official capacities must be dismissed. ECF No. 16, pp. 3-4. To the extent Edwards asserts such claims, Defendants are correct although for slightly different reasons than offered in their brief.

Money damages are not recoverable in a § 1983 action against an employee of the Pennsylvania Department of Corrections in his or her official capacity. *Morris v. Scheuer*, 2023 WL 2088169, at *3 (W.D. Pa. Feb. 17, 2023). Such a claim is tantamount to a claim for monetary damages against the Commonwealth of Pennsylvania and thus barred by Eleventh Amendment immunity. *Id.* Furthermore, "[t]he Commonwealth of Pennsylvania 'is not a 'person' subject to suit' under 42 U.S.C. § 1983." *Id.* (quoting *Whiteford v. Penn Hills Municipality*, 323 Fed. Appx. 163, 166 (3d Cir. 2009)). Where the plaintiff sues a Commonwealth employee in his or her official capacity, the employee also is not a person under § 1983 because an official capacity claim makes the Commonwealth the real party in interest. *Id.*

But "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). And "claims requesting prospective injunctive relief from official-capacity defendants do not run afoul of sovereign immunity." *See Iles v. de Jongh*, 638 F.3d 169, 177 (3d Cir. 2011) (citing *Perry v. Pennsylvania Dep't of Corr.*, 441 Fed. Appx. 833, 836 (3d Cir. 2011)). To avoid the bar of the Eleventh Amendment, however, "[t]he relief sought must be prospective, declaratory, or injunctive relief governing an officer's future conduct and cannot be

5

retrospective...." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir. 2001) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984)). In determining whether the Eleventh Amendment bars the claim, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (alteration in original) (citation omitted). "This exception to the Eleventh Amendment is a very narrow one, permitting plaintiffs to seek prospective relief, and only when a state official and not the State or a state agency is the named defendant." *Doe v. Div. of Youth & Fam. Servs.*, 148 F. Supp. 2d 462, 483 (D.N.J. 2001) (citing *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)). Although Edwards requests injunctive and declarative relief, he does not allege facts to support any ongoing or threatened violation of his constitutional rights. Thus, his claim is entirely retrospective and, as such, not a viable claim for injunctive and declarative relief that escapes Eleventh Amendment immunity. Accordingly, any claims against the Defendants in their official capacities will be dismissed.

> B. The claims against Defendants Oliver, Floyd, and Ennis will be dismissed because the Complaint fails to allege facts to support their personal involvement in actionable conduct.

In any § 1983 action, the plaintiff must allege facts to demonstrate each defendant's personal involvement in the underlying constitutional violation. *See Victor v. Little*, 2024 WL 4228145, at *4 (E.D. Pa. Sept. 18, 2024). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir. 2009). Without specific allegations that a defendant played a role in depriving the plaintiff of a

constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation); *Happel v. Bishop*, 2024 WL 1508561, at *9 (W.D. Pa. Feb. 22, 2024), *report and recommendation adopted*, 2024 WL 1003902 (W.D. Pa. Mar. 8, 2024). *See also Holloway v. Irwin*, 2024 WL 4980759, at *3 (W.D. Pa. Oct. 29, 2024), *report and recommendation adopted* 2024 WL 4866455 (W.D. Pa. Nov. 22, 2024). To satisfy this pleading burden, Edwards must allege facts to support that each defendant either "participated in violating [his] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct," *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Del Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004), or, alternatively, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.*

Edwards fails to allege facts to support any theory of direct or supervisory liability against Oliver, Floyd, or Ennis. The Complaint identifies Oliver as the Facility Manager at SCI-Albion, ECF No. 5, p. 3, and alleges that Oliver "discontinued visitations with Plaintiff's wife," and "sent notification to Faith Phillips, Plaintiff's wife, stating visitation was disconnected by her on February 7, 2023." *Id.* pp. 4, 14, ¶ 19. The conduct alleged regarding Oliver is not independently actionable, and the Complaint does not associate it with any protected conduct by Edwards to support a retaliation claim. Edwards' lone allegation that Oliver discontinued his wife's visitation privileges is insufficient to support a plausible inference that he retaliated against him or that he directed others to retaliate against him or knowingly acquiesced in retaliatory actions of subordinates.

7

The allegations against Floyd similarly fail to state a claim. Edwards' Complaint includes a single mention of Floyd: "Defendant Floyd acts as though he is investigating Plaintiff's claims when contacted, but he covers for his co-workers." *Id.*, p. 13, ¶ 6. This vague and conclusory allegation does not support that Floyd participated in violating Edwards' rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in a subordinate's unconstitutional conduct or that he with deliberate indifference to the consequences, established and maintained a policy, practice or custom that directly caused him constitutional harm. Instead, the only inference that can be drawn from this allegation is that Floyd investigated some of Edwards' complaints, albeit not to Edwards' satisfaction. This is not personal involvement in actionable conduct.

Edwards alleges that Ennis previously worked at SCI-Forest and that he "reached out to staff members at SCI-Albion which began a series of retaliatory acts." *Id.* at ¶ 4. This vague allegation is completely devoid of factual allegations to support a plausible inference that any subordinate engaged in any retaliatory action against Edwards at the behest or direction of Ennis.

Because the facts alleged in the Complaint do not support a plausible inference that Oliver, Floyd, or Ennis personally participated in the violation of Edwards' constitutional rights, the claims against these Defendants will be dismissed.

    C. Edwards' First Amendment retaliation claims against Defendants Robson, Rodriguez, and Sissem fail because the Complaint does not allege facts to support at least one essential element of the claim.[2]

Edwards asserts First Amendment retaliation claims against Defendants Robson, Rodriguez, and Sissem. To state a retaliation claim, Edwards must allege facts to support that: (1) he engaged in constitutionally protected conduct; (2) the defendant took an adverse action

---

[2] Although Edwards refers to both the First Amendment and the Fourteenth Amendment in connection with his retaliation claims, *see* ECF No. 5, p. 15, it is apparent from his allegations that his claim sounds solely under the First Amendment and that the Complaint does not raise a separate claim under the Fourteenth Amendment.

against him; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001)). An "adverse action" is one that would "deter a person of ordinary firmness" from exercising his First Amendment rights. *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (quoting *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)); *Burley v. Fritz*, 2024 WL 5075622, at *8 (W.D. Pa. Dec. 11, 2024). Retaliatory motive can be inferred from either: (1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action; or (2) a pattern of antagonism coupled with timing that suggests a causal link. *Id.* (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).

Edwards' Complaint identifies his protected conduct as having "filed civil action No. 2015-00088" against Defendant Ennis. ECF No. 5, pp. 4, 13, ¶ 11. The filing of a lawsuit against a prison official is protected conduct. *See Scutella v. Erie Cnty. Prison*, 2024 WL 3014828, *7 (W.D. Pa. May 23, 2024). Accordingly, the Complaint alleges facts to support this element of his retaliation claims.

The allegedly adverse action or actions taken by each Defendant vary. Robson and Rodriguez are alleged to have filed false misconduct reports against him. Rodriguez is also alleged to have hit Edwards on the knee. But Edwards has failed to allege facts to support that any of these actions would deter a person of ordinary firmness from exercising his First Amendment rights. Regarding the allegedly false misconduct reports filed by Robson and Rodriguez, Edwards provides no information concerning the consequences of either charge other than to note that the charge filed by Rodriguez was later dismissed. A dismissed misconduct charge "does not rise to the level of 'adverse action' because it would not be 'sufficient to deter a

9

person of ordinary firmness from exercising his First Amendment rights.'" *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000), *in turn quoting Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)). *Naranjo v. Coulehan*, 2024 WL 4894983, at *7 (W.D. Pa. Oct. 31, 2024), *report and recommendation adopted*, 2024 WL 4894491 (W.D. Pa. Nov. 26, 2024). Furthermore, where an inmate sustains no meaningful penalty because of an allegedly false misconduct charge, the inmate has not sustained an adverse action. *See Tolbert v. Baldwin*, 2024 WL 3792220, at *9 (E.D. Pa. Aug. 13, 2024) (filing of allegedly false misconducts, which were subsequently dismissed, were not adverse actions). *Compare Williams v. Lee*, 2020 WL 5704272, at *7 (W.D. Pa. Sept. 24, 2020) (holding that an inmate serving penalties because of a misconduct charge experienced an adverse action for purposes of a retaliation claim). Here, Edwards has not alleged that he was subjected to any penalties because of either allegedly false misconduct. He therefore has failed to allege facts to support that either allegedly false misconduct charge rose to the level of an adverse action sufficient to support the second element of his retaliation claims.

Edwards also has failed to allege facts to support that Rodriguez's alleged hitting him on the knee was an adverse action. Not every offensive or unwanted touch or contact by a corrections officer supports a claim. *See Mebuin v. United States*, 2013 WL 4012449, at *6 (D.N.J. Aug. 5, 2013). Here, Edwards alleges only that Rodriguez hit him on his knee. He does not allege that he did so with any meaningful force or that the contact caused him injury or pain. Based on his cryptic allegation, the Court can only speculate regarding the nature and severity of the contact. Such speculation does not support a plausible inference that Rodriguez's action would "deter a person of ordinary firmness" from exercising his First Amendment rights.

In contrast to the allegations against Robson and Rodriguez, Edwards' allegation that Defendant Sissem removed his wife from his visitor and telephone call lists is sufficient to satisfy the adverse action element of a retaliation claim. *Id.*, ¶¶ 17-18.[3] *See Graziano v. Pennsylvania Dep't of Corr.*, 2023 WL 6389756, at *24 (W.D. Pa. Sept. 30, 2023) (citing *Cordero v. Warren*, 612 Fed. Appx. 650, 653 (3d Cir. 2015) ("A factfinder could similarly conclude that a person of ordinary firmness would be deterred by the prospect of losing visitation with a close family member for six months or more.")).

Edwards' retaliation claim against Sissem nevertheless fails on the third element—causation. Edwards must allege facts to support a causal connection between his protected conduct—the filing of the 2015 lawsuit against Ennis—and Sissem's adverse act of removing his wife from his visitor and telephone call lists. The Third Circuit has instructed that a plaintiff's burden on this third element of a retaliation claim is low at the pleading stage. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (stating that "the word 'retaliation' in [the plaintiff's] complaint sufficiently implies a causal link between his complaints and the misconduct charges filed against him"); *see also Mack v. Yost*, 427 Fed. Appx 70, 73 (3d Cir. 2011) (per curiam) (noting that the plaintiff's "burden at the pleading stage is merely to state a prima facie case by alleging that his protected conduct was a 'substantial or motivating factor' for [the adverse action]") (citation omitted); *Bendy v. Ocean Cnty. Jail*, 341 Fed. Appx 799, 802 (3d Cir. 2009) ("To state a claim for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred.") (internal quotation marks omitted). But here, Edwards' allegations are insufficient to satisfy even this modest pleading requirement. Edwards'

---

[3] The Complaint also alleges that Edwards was denied access to religious services on September 16, 2022. ECF No. 5, p. 14, ¶ 14 ("On September 16, 2022, plaintiff was denied Jumu'ah/Friday religious service without a reason. A grievance was filed."). But he does not attribute this action to any Defendant or allege facts to support that it was done as retaliation for his 2015 lawsuit against Ennis. Thus, this allegation does not support a retaliation claim against any Defendant.

11

Complaint acknowledges that Sissem explained that he removed his wife's visitation and phone privileges because Edwards' wife did not properly follow DOC procedures for securing such privileges. *See* ECF No. 5, p. 14, ¶ 18 ("Sissem further claimed the suspension was caused by a visit set up from multiple accounts on January 17, 2023."). In addition, the lapse of time between Edwards' 2015 lawsuit against Ennis and the removal of his wife's visitation and phone privileges belies any causal connection between the two. Approximately seven or eight years elapsed between the filing of the lawsuit and Sissem's adverse action. This period does not represent a temporal proximity unduly suggestive of causation. Indeed, "Courts in civil rights cases have frequently rebuffed speculative efforts to infer causation from temporal proximity when a span of weeks, months or years separated the plaintiff's constitutionally protected conduct from the defendants' alleged acts of retaliation." *Victor v. Huber*, 2012 WL 2564892, at *9 (M.D. Pa. Feb. 28, 2012). *See also Thomas v. Oliver*, 2023 WL 8654828, at *5 (W.D. Pa. Nov. 17, 2023), *report and recommendation adopted*, 2023 WL 8653978 (W.D. Pa. Dec. 14, 2023) (citing *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (concluding that a span of six months between protected activity and adverse action is not unduly suggestive and does not sufficiently establish any causal link); *Fischer v. Transue*, 2008 WL 3981521, *10 (M.D. Pa. Aug. 22, 2008) (temporal proximity of three weeks insufficient to establish causation); *Mar v. City of McKeesport*, 2007 WL 2769718, at *4 (W.D. Pa. Sept. 20, 2007) (three months); *Killen v. N.W. Human Servs., Inc.*, 2007 WL 2684541, at *8 (E.D. Pa. Sept. 7, 2007) (seventeen days)).

In summary, each of Edwards' retaliation claims against Robson, Rodriguez, and Sissem is unsupported by allegations of fact sufficient to support one or more necessary elements of the claim. According, each such claim will be dismissed.

IV.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss Edwards' Complaint will be granted. However, each of Edwards' claims will be dismissed **without prejudice and with leave to file an amended complaint**. Leave to amend should be liberally granted, particularly in pro se civil rights lawsuits. *See, e.g., Tice v. Wilson*, 2024 WL 4336306, at *8 (W.D. Pa. Sept. 27, 2024). Edwards' Complaint is subject to dismissal because he has failed to allege facts sufficient to support the necessary elements of his claims. Put simply, he has not alleged "the who, what, where, when, how, and why of his claims so as to render them plausible." *Pumba v. Madrid*, 2022 WL 1291343, at *6 (E.D. Pa. Apr. 29, 2022). The Court cannot say that Edwards cannot cure these deficiencies by amendment.

An Order follows.

DATED this 15th day of January, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE