IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RASHAN EDWARDS, | ) |
| Plaintiff | ) 1:23-CV-00298-RAL |
| vs. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| MAJ. ENNIS, MAJ. SISSEM, FORMER SUPT. L. OLIVER, C.O.1 RODRIGUEZ, | ) MEMORANDUM OPINION ON MOTION TO DISMISS AMENDED COMPLAINT |
| Defendants | ) ECF NO. 40 |

I.  INTRODUCTION

Plaintiff Rashan Edwards ("Edwards") brings this civil rights action pursuant to 42 U.S.C. § 1983 against four current or former employees of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution at Albion ("SCI-Albion"), where Edwards was previously incarcerated. Edwards' Amended Complaint [ECF No. 39] is the operative pleading before the Court.[1] It asserts First Amendment retaliation claims against Major Ennis, Major Sissem, Superintendent L. Oliver, and C.O. Rodriguez. ECF No. 39, ¶¶ 4-7. The Defendants have moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P 12(b)(6). ECF No. 40. The motion has been fully briefed. See ECF Nos. 41, 57. For the reasons set forth in this memorandum, the motion will be GRANTED in part and DENIED in part.[2]

---

[1] The Court dismissed Edwards' original Complaint, but this dismissal was without prejudice and permitted Edwards leave to file his Amended Complaint. See ECF No. 30.

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge as authorized by 28 U.S.C. § 636.

II.     FACTUAL ALLEGATIONS

The factual allegations of Edwards' Amended Complaint are accepted as true for purposes of the Defendants' motion but conclusory allegations unsupported by facts are disregarded.

Edwards filed a lawsuit against Defendant Ennis in state court sometime in 2015. ECF No. 39, ¶ 8. Approximately eight years later, on May 17, 2023, Defendant Rodriguez confronted Edwards and struck him "hard on the knee." ECF No. 39, ¶ 15. Rodriguez told Edwards, "that's for Ennis." *Id.* That same day, Rodriguez filed a misconduct charge against Edwards, falsely claiming that Edwards possessed contraband. *Id.* A hearing examiner later dismissed the charges. *Id.*, ¶ 17. Then, on September 23, 2023, Rodriguez denied Edwards permission to attend a religious service. *Id.*, ¶ 19.

The Amended Complaint further alleges that Defendant Sissem eliminated Edwards' wife's telephone number from his approved call list and kept Edwards at SCI-Albion despite knowing that Edwards had a separation order from individuals at that institution. *Id.*, ¶¶ 20-21. He also alleges that Defendant Oliver "had no reason to remove" Edwards' wife's telephone and visitation privileges. *Id.*, ¶ 23.

In support of their motion to dismiss, the Defendants argue that the Amended Complaint fails to allege facts sufficient to support the personal involvement of Defendants Oliver and Ennis in any actionable conduct and fail to support essential elements of a retaliation claim against Defendants Sissem or Rodriguez.[3]

---

[3] The Defendants also argue that all claims against them in their official capacities should be dismissed. *See* ECF No. 41, p. 4. The Amended Complaint, however, expressly states that Edwards is suing each Defendant only in his individual capacity. *See* ECF No. 39, ¶¶ 4-7. Accordingly, the Defendants' challenge to official capacity claims is moot.

2

III.   STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the allegations in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, the Court is not required to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "legal conclusions couched as factual allegations." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Finally, because Edwards is proceeding pro se, his complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). If the Court can reasonably read his pro se pleading to state a valid claim upon which relief can be granted, it will do so despite Edwards' failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 553, 555 (3d Cir. 1969).

IV. DISCUSSION AND ANALYSIS

    A. The Amended Complaint states a claim against Defendant Rodriguez but not against Defendant Sissem.

A plaintiff pursuing a claim under 42 U.S.C. § 1983, must allege facts to support that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). "Next, a plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs.'" *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Here, the Defendants reverse the appropriate order of analysis by first arguing the non-personal involvement of Oliver and Ennis before addressing whether the Amended Complaint states a viable constitutional claim. Consistent with the directions of our Court of Appeals in *Nicini*, the Court will first examine whether the Amended Complaint alleges facts to support a retaliation claim against any Defendant.

"To state a First Amendment retaliation claim, a prisoner plaintiff must allege (1) that the conduct which led to the alleged retaliation was constitutionally protected; (2) that he suffered some adverse action at the hands of the prison officials; and (3) a causal link between the [protected conduct] and the adverse action [in that the] conduct was a substantial or motivating factor in the decision to take that action." *Oliver v. Roquet*, 858 F.3d 180, 190 (3d Cir. 2017) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quotation marks omitted); *White v. Napoleon*, 897 F.2d

103, 111-12 (3d Cir. 1990)). An adverse action is one sufficient to "deter a person of ordinary firmness from exercising his First Amendment rights." *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (internal quotations and citations omitted). The third element, causation, requires a plaintiff to establish either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

The Amended Complaint supports the first element of a retaliation claim as the Defendants acknowledge that Edwards' filing a lawsuit against Ennis was a constitutionally protected activity. *See* ECF No. 41, p. 9. The issues presented by the Defendants' motion to dismiss are whether the Amended Complaint alleges facts to support that each Defendant committed or participated in an adverse action against Edwards and, if so, whether it was motivated by his lawsuit against Ennis.

The Amended Complaint alleges that Sissem "had [Edwards'] wife's phone number removed without justification," and that Sissem "banned her from visitation." ECF No. 41, ¶¶ 21, 23. This action satisfies the second element of a retaliation claim because it would be sufficient to deter a reasonable person from exercising his protected rights. But, like his original Complaint, Edwards' Amended Complaint fails to allege facts to support the third element of a retaliation claim, specifically, that Sissem's adverse action was motivated or caused by Edwards' having filed a lawsuit in 2015, approximately eight years earlier. A plaintiff may support the causation element of the claim by "produc[ing] direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Dantzer v. Beard*, 2007 WL 44208, at *2 (W.D. Pa. Jan. 5, 2007) (quoting *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999) (in turn quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516

5

U.S. 1084 (1996)). Here, the facts alleged do not support direct evidence that Sissem's action was motivated by Edwards' lawsuit against Ennis; nor do they support a chronology suggestive of retaliatory motive. Indeed, a lapse of eight years between the lawsuit against Ennis and Sissem's action and the fact that Sissem was not a party to that prior lawsuit suggests no causal connection whatsoever. *See, e.g., Ealy v. Franklin Cnty.*, 2025 WL 2737453, at *4 (M.D. Pa. Sept. 25, 2025) (holding that past lawsuits from three years earlier and one more than a decade earlier do not raise the inference of causation for a retaliation claim). The Amended Complaint does not allege any other facts relative to Sissem to support an inference of causation. Edwards does not even allege facts to support that Sissem knew of Edwards' prior state court lawsuit when he removed Edwards' wife's number from his call list and banned her visitation. Accordingly, the Amended Complaint fails to state a retaliation claim against Sissem.

The Amended Complaint ascribes several adverse actions to Defendant Rodriguez. First, Edwards alleges that on May 17, 2023, Rodriguez "struck [Edwards] hard on his knee" after Edwards had told him that his knee was "swollen due to surgery." ECF No. 39, ¶ 15. At the same time Rodriguez allegedly stated, "that's for Ennis." *Id.* Edwards also alleges that on the same day, Rodriguez "wrote a bogus misconduct" charging Edwards with possession of contraband, which was later dismissed. *Id.*, ¶ 16. Rodriguez is also alleged to have confiscated Edwards' food items and, on September 22, 2023, to have prevented Edwards from attending a religious service after checking his pass. *Id.* ¶ 19.

As to the false misconduct charge, the Third Circuit has held that a false misconduct that is ultimately dismissed does not constitute an adverse action for purposes of a retaliation claim. *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011) (citations omitted). Edwards' allegations that Rodriguez struck him on the knee knowing that he had recently undergone surgery on that

knee, however, is sufficient to support the adverse action element.[4] These allegations support a plausible inference that Rodriguez struck Edwards' knee with the intent to cause him pain. Although the Amended Complaint does not allege that the action caused Edwards any injury or serious discomfort, at this stage of the proceeding, the Court cannot say as a matter of law that it would not dissuade a reasonable person from exercising protected rights. The Amended Complaint also alleges facts minimally sufficient to support a retaliatory motive for the action. As noted, the eight-year period between protected conduct and an adverse action do not support an inference of causation. But Edwards also alleges that Rodriguez announced at the time of the action that it was "for Ennis." Although the Amended Complaint does not allege facts to explain why Rodriguez waited eight years to retaliate against Edwards for the lawsuit against Ennis, closer scrutiny of the credibility of this allegation will have to await a more developed record. For now, the allegations support a retaliatory motive and preclude dismissal of the claim at the pleadings stage of the case.

The same is true regarding the allegation that Rodriguez denied Edwards' access to a religious service. A denial of participation in religious services can rise to the level of any adverse action. *See Simmons v. Overmyer*, 2019 WL 7283318, at *7 (W.D. Pa. Dec. 27, 2019). And while Edwards' allegations regarding this denial are extremely vague, and the denial is alleged to have occurred approximately four months after Rodriguez allegedly struck Edwards' knee, the facts

---

[4] As an exhibit to his Amended Complaint, Edwards attached the grievance he filed after this incident which expounds on this allegation. *See* ECF No. 39-2. It states in relevant part:

> I was search[ed] by the above officer Rodriguez and was told "put your fucking hands on the glass." I said, "my knee is swollen due to surgery I just had at Hammond Hospital, that's why I have a cain and walker to lean on." He [Rodriguez] then snatch[ed] the cain from me, and said, "I don't give a shit what you had. I don't like you and our staff don't like you.' So he then pat me down then hit my knee real hard and said, "that's for Ennis [] – you have a nice day."

7

support a plausible inference that it was part of a pattern of animosity by Rodriguez against Edwards.

For the foregoing reasons, the retaliation claim against Rodriguez based on his striking Edwards on the knee and denying his access to a religious service will not be dismissed.

> B. The Amended Complaint fails to support the personal involvement of Defendants Oliver and Ennis.

The only minimally viable retaliation claim supported by the Amended Complaint is against Rodriguez. But the Amended Complaint fails to allege facts to support the personal involvement of Oliver or Ennis in this claim. The "personal involvement" requirement applies to each defendant and demands that the plaintiff demonstrate that each played an "affirmative part" in the violation of his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 667, 677 (2009) ("In a § 1983 suit ..., each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1998); *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity, including each defendant's actions or omissions upon which the claim is based, the factual basis for the defendant's knowledge of the wrongdoing of another if such knowledge is an element of the claim, and, to the extent possible, the time and place of relevant events. *See Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005); *Rode*, 845 F.2d at 1207-08. A mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

The Amended Complaint identifies Oliver as the facility manager at SCI-Albion. ECF No. 39, ¶ 5. It alleges no facts to support that he directed or had advance knowledge of Rodriguez's

intent to strike Edwards' knee or deny him access to a religious service.[5] And "supervisory roles … are insufficient to infer personal involvement." *Stafford v. Stevens*, 2025 WL 1433671, at *3 (M.D. Pa. May 14, 2025) (citing *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020)). Allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility likewise do not support personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 Fed. Appx. 47, 48 (3d Cir. 2020) (per curiam) (quoting *Evancho*, 423 F.3d at 354).

Finally, while Edwards correctly observes that a supervisor such as Oliver can be held liable if they created a "policy, practice of custom under which unconstitutional practices occurred or allowed such a policy or custom to continue," ECF No. 58, p. 7, the Amended Complaint alleges no facts to support that Oliver did so. His conclusory allegations regarding Oliver's knowledge and acquiescence in the constitutional violations of subordinates are insufficient to support a supervisory liability claim.

The Amended Complaint's allegations against Defendant Ennis are also insufficient to establish personal involvement. The only mention of Ennis is that Edwards had filed a lawsuit against him in state court (ECF No. 39, ¶ 8) and that Edwards wanted to be transferred to an institution where Ennis did not work (ECF No. 39, ¶ 14). Edwards' long-ago lawsuit against Ennis, which serves as a predicate for his claim against other Defendants, does not amount to Ennis' personal involvement in any such claim.

All claims against Oliver and Ennis will be dismissed based on their lack of personal involvement in any actionable conduct.

---

[5] The Amended Complaint does include allegations that Oliver "was kept abreast of all separations" and was aware that Edwards had separation orders from eight other inmates. ECF No. 39, ¶¶ 20, 23. To the extent these allegations were intended to support an independent retaliation claim against Oliver, they fail for the same reason as the allegations against Sissem. Nothing in the Amended Complaint supports an inference that Oliver was motivated to act or fail to act based on Edwards' having long ago filed a lawsuit against Ennis.

V.   CONCLUSION

The Defendants' motion to dismiss will be granted as to all claims of the Amended Complaint except its First Amendment retaliation claim against Defendant Rodriguez based on his striking Edwards on the knee and denying him access to a religious service. All other claims will be dismissed with prejudice as further amendment as to these claims would be futile. A separate order will follow.

DATED this 20th day of November, 2025.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE